IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM and THE UNIVERSITY OF TEXAS AT AUSTIN<br>　　　　Plaintiffs<br><br>vs.<br><br>3D SYSTEMS, INC.<br>　　　　Defendant | § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br>Case No. A-10-CA-871-SS |
| 3D SYSTEMS, INC.<br>　　　Counterclaim-Plaintiff<br><br>VS.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM AND THE UNIVERSITY OF TEXAS AT AUSTIN<br>　　　Counter-Defendants | § § § § § § § § § § § § § § | |

**PLAINTIFFS' AND COUNTER DEFENDANTS'
MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

Plaintiffs and Counter-Defendants, the Board of Regents of the University of Texas System and The University of Texas at Austin (collectively "UT"), file this their Motion to Dismiss Defendant and Counter-Plaintiff, 3D System, Inc.'s (hereinafter "3D") suit for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I. Introduction

1. Plaintiffs are the University of Texas at Austin and the Board of Regents of The University of Texas System. UT is an agency of the State of Texas. Tex. Edu. Code § 65.02(a)(2) and § 65.11 (Vernon's 2002). As such, UT enjoys Eleventh Amendment Immunity. Moreover, the State of Texas and UT are not citizens for diversity jurisdiction.

2. Plaintiff sued 3D in Travis County District Court for breach of contract regarding 3D's failure to fulfill its obligations under a license agreement and the subsequent amendments and supplements. 3D is a California corporation doing business in South Carolina.

3. This Court lacks subject matter jurisdiction over this case, which has been removed from state court because: (1) UT is not a citizen for diversity purposes, and (2) UT has not sought or requested any relief arising under federal law in plaintiffs' petition filed in state district court.

## II. Factual Background

4. On December 3, 1987, UT entered into a license agreement with 3D's predecessor-in-interest, Nova Automation, granting Nova Automation an exclusive worldwide royalty-bearing license to sell computer-controlled mechanized layered part generation systems utilizing laser sintering technology. On March 3, 1992, the License Agreement was supplemented to memorialize that Nova's name changed to DTM Corporation. An amendment ("Amendment No. 2") was executed on February 28, 2003, and provides that the license agreement had been assigned from DTM Corporation to 3D. Amendment No. 2 obligates 3D to pay UT a running royalty on gross sales of certain Nylon Materials that are used in the laser sintering process. After paying UT for royalties based upon world-wide or gross sales for many years, 3D unilaterally ceased paying royalty payments for world-wide sales and instead withheld royalty payments which were due and owing.

5. As a result, UT filed a petition in state district court seeking the following breach of contract remedies:

    a. Independent Audit of all sales and royalty payments reported, pursuant to Tex. Rule Civ. P. 172;

    b. $558,472 in damages for improperly withheld royalty payments;

    c. Payment of monies that 3D systems received for gross sales of Nylon Materials and Systems;

    d. Pre-judgment and Post-judgment Interest; and

    e. Plaintiffs' costs and attorneys fees.

*See* Appendix Affidavit and Plaintiff's Original Petition.

**A.   There Is No Diversity Jurisdiction and No Waiver of Eleventh Amendment Immunity**

6. 3D has filed a Notice of Removal with this Court seeking to have this lawsuit removed to federal court based upon diversity jurisdiction. A federal court is not presumed to have jurisdiction over a particular case. *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986). Federal courts are courts of limited jurisdiction. A federal court's jurisdiction is conferred by a federal statute or the Constitution, and absent both, a federal court lacks the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In order for a court to exercise diversity jurisdiction, the diversity of citizenship must exist at the time the lawsuit is filed. *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770 (5th Cir. 1986). 3D has the burden to prove that this Court enjoys diversity jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, 3D cannot meet its burden because this Court cannot exercise diversity jurisdiction.

7. The State of Texas and its agencies are not citizens for diversity purposes. "There is no question that a State is not a 'citizen' for purposes of diversity jurisdiction." *Moor v. County*

*of Alameda*, 411 U.S. 693 (1973).  See also, <u>In re: Katrina Canal Litigation Breaches</u>, 524 F.3d 700, 706 (5th Cir. 2008).  In Katrina the Court determined that Louisiana as a state is not a citizen for diversity jurisdiction.  But diversity jurisdiction existed because Louisiana sought relief for Louisiana and its citizens.  UT is an agency of the State of Texas.  Tex. Edu. Code § 65.02(a)(2) and § 65.11 (Vernon's 2002).  Since, UT is an agency of the State of Texas, it is not a citizen for diversity jurisdiction.

8. State universities, which possess Eleventh Amendment Immunity, are not citizens for purposes of diversity jurisdiction. <u>Maryland Stadium Authority v. Ellerbe Becket, Inc.</u>, 407 F.3d 255, 265-66 (4th Cir. 2005); <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 411-12 (11th Cir. 1999).  Eleventh Amendment immunity bars suits against the State of Texas and its agencies in federal court. <u>Clay v. Texas Women's Univ.</u>, 728 F.2d 714, 715 (5th Cir. 1984).

**B.     This Court Lacks Subject Matter Jurisdiction Because There Is No Federal Question Presented, Only State Law Issues**

9. Under the Doctrine of the well-pleaded-complaint, this Court cannot exercise jurisdiction unless there is a federal question on the face of UT's petition. <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826, 830-832 (2002).  UT has not asserted any federal law causes of actions or claims in its petition.  Further, UT does not seek any relief under federal law.  In the state court action, UT is merely seeking damages from 3D for breach of contract— that is, for 3D's failure to pay royalties pursuant to the 1987 License Agreement and it's amendments.

10. 3D asserts that this Court has jurisdiction because this case raises issues concerning federal patent law.  The U.S. Supreme Court has stated that in order for the federal court to exercise jurisdiction under federal patent law the "… plaintiff's well-pleaded complaint must 'establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal patent law' …" *Id.* at 830 (citing quotes omitted).  In order for a federal court to exercise federal patent law jurisdiction UT's petition must establish some right, title, or interest based upon patent laws or the construction of patent laws.  <u>Christianson v. Colt Indus. Op. Corp.</u>, 486 U.S. 800, 807-808 (1988).  A review of the petition demonstrates that UT is seeking damages for breach of contract due to 3D's failure to pay royalties that are due and owing for the sales of Nylon Materials and Systems.  UT does not seek a declaration of the validity of any patent nor challenge a patent, instead UT merely seeks payment for Nylon Materials and Systems sold throughout the world by 3D.  3D, on the other hand, asserts that it does not have to pay royalties for any Nylon Materials and Systems which are sold outside the U.S. market.  Thus, UT has simply filed a breach of contract action requesting the State court to determine whether it is entitled to royalties based on U.S. sales made by 3D or world-wide sales made by 3D.

### III. Conclusion

11.     For these reasons, UT asks this Court to grant its Motion to Dismiss because this Court does not have subject-matter jurisdiction.  Further, UT requests that this Court remand this case to a Texas state district court that does have jurisdiction over the breach of contract action.

Respectfully submitted,

GREG ABBOTT
Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RUTH R. HUGHS
Director of Defense Litigation

DAVID C. MATTAX
Chief, Financial Litigation Division


*/s/ Linda I. Shaunessy*
LINDA I. SHAUNESSY
State Bar No. 10382920
Assistant Attorney General
Financial Litigation Division
P.O. Box 12548
Austin, Texas  78711-2548
Telephone:  (512) 475-1652
Facsimile:  (512) 477-2348
linda.shaunessy@oag.state.tx.us
***Attorneys for Board of Regents of the University of Texas System and The University of Texas System***


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiffs' and Counter-Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)* was served on the following attorneys of record on this 6th day of December, 2010, as shown below:


| Barry F. McNeil/Nicholas Even | Leslie C. Thorne |
| HAYNES AND BOONE, LLP | HAYNES AND BOONE, LLP |
| 2323 Victory Avenue, Suite 700 | 600 Congress Avenue, Suite 1300 |
| Dallas, Texas 75219 | Austin, TX 78701-3236 |

*/s/ Linda I. Shaunessy*
Linda I. Shaunessy